IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| THELONIOUS R. LOVE, | § | |
| | § | No. 656, 2014 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware in |
| v. | § | and for Kent County |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1306024587 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: June 2, 2015
Decided: August 4, 2015

Before **VALIHURA**, **VAUGHN** and **SEITZ**, Justices.

### ORDER

This 4th day of August 2015, upon consideration of the appellant's brief filed under Supreme Court Rule 26(c), his defense counsel's motion to withdraw, and the appellee's response, it appears to the Court that:

(1)    On July 11, 2014, a Superior Court jury found the appellant, Thelonious R. Love, guilty of three offenses, Home Invasion, Possession of a Firearm during the Commission of a Felony, and Conspiracy in the Second Degree. On October 29, 2014, the Superior Court sentenced Love to a total of thirty years at Level V imprisonment, suspended after nine years for two years at Level II probation. This is Love's direct appeal.

(2) On appeal, Love's defense counsel has filed a brief and a motion to withdraw under Supreme Court Rule 26(c) ("Rule 26(c)").[1] Defense counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Also, defense counsel reports that Love did not submit any points for the Court's consideration. The appellee, State of Delaware, has moved to affirm the Superior Court's judgment.

(3) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), the Court must be satisfied that the appellant's defense counsel has made a conscientious examination of the record and the law for arguable claims.[2] The Court must also conduct its own review of the record and determine whether "the appeal is indeed so frivolous that it may be decided without an adversary presentation."[3]

(4) In this case, having conducted "a full examination of all the proceedings" and found "no nonfrivolous issue for appeal,"[4] the Court

---

[1] *See* Del. Supr. Ct. R. 26(c) (governing criminal appeals without merit).

[2] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

[3] *Penson v. Ohio*, 488 U.S. at 81.

[4] *Id.* at 80.

2

concludes that the appeal "is wholly without merit."[5]  Also, the Court is satisfied that Love's defense counsel made a conscientious effort to examine the record and the law and properly determined that Love could not raise a meritorious claim on appeal.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED.  The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

_____
Justice

---

[5] *See supra* note 1.

3